UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS S. ROWDEN,<br>Plaintiff,<br>v.<br>DEPARTMENT OF THE NAVY,<br>Defendant. | Civil Action No. 24-2393 (TJK) |

**ANSWER**

Defendant the Department of the Navy, by and through the undersigned counsel, respectfully submits the following Answer to Plaintiff's Amended Complaint, styled as an "Errata," filed on August 19, 2024, in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action. *See* ECF No. 2.

Defendant responds to the separately numbered paragraphs (as numbered by Plaintiff) and prayer for relief contained in the Amended Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant responds to the Complaint in like numbered paragraphs as follows:

1. This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff purports to bring this action pursuant to the FOIA.

**INTRODUCTION**[1]

2. Defendant admits that Plaintiff submitted a FOIA request on January 26, 2024. The remainder of this paragraph consists of Plaintiff's characterization of his FOIA request, to which no response is required. To the extent a response is deemed required, Defendant avers that Plaintiff's FOIA request is the best evidence of its contents and respectfully refers this Court to that request for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

3. This paragraph consists of Plaintiff's characterization of his FOIA request, to which no response is required. To the extent a response is deemed required, Defendant avers that Plaintiff's FOIA request is the best evidence of its contents and respectfully refers this Court to that request for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

4. Defendant admits that, as of the date of the Complaint, Defendant has not responded to Plaintiff's request for expedited processing or requested additional time to respond to the FOIA request. The remainder of the Paragraph and the footnote consists of a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant avers that the cited statute is the best evidence of its contents and respectfully refers this Court to that request for

[1] Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

## JURISDICTION AND VENUE

5. This paragraph consists of Plaintiff's conclusion of law to which no response is required. To the extent a response is deemed required, Defendant admits that the Court has jurisdiction over this matter subject to the terms and limitations of the FOIA.

6. This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District.

7. The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff has constructively exhausted his administrative remedies.

## PARTIES

8. Defendant admits that Plaintiff is a retired Navy officer and that Plaintiff submitted a FOIA request and a request for expedited processing. The remainder of the last sentence of this paragraph consists of Plaintiff's characterization of his FOIA request, to which no response is required. To the extent a response is deemed required, Defendant avers that Plaintiff's FOIA request is the best evidence of its contents and respectfully refers this Court to that request for a complete and accurate statement of its contents. Defendant denies all allegations in this sentence to the extent they are inconsistent therewith. With respect to the second sentence of this paragraph, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any

public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9. The allegations in the first clause of the first sentence of the paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits that it is a federal agency subject to the FOIA. Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second clause of the first sentence. Concerning the second sentence, Defendant admits that at the time the Plaintiff's Complaint was filed, Defendant had not responded to Plaintiff's FOIA request or request for expedited processing.

## STATEMENT OF FACTS

10–39. To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought, but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

40. Defendant admits that Plaintiff submitted a FOIA request to Defendant, dated January 26, 2024. The remainder of this paragraph consists of Plaintiff's characterization of his FOIA request, to which no response is required. To the extent a response is deemed required, Defendant avers that Plaintiff's FOIA request is the best evidence of its contents and respectfully

refers this Court to that request for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

41. Defendant admits that Plaintiff requested expedited processing of his FOIA request, dated January 26, 2024. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's motivation for filing a request for expedited processing.

42. Defendant admits that, as of the date of the Complaint, Defendant has not responded to Plaintiff's request for expedited processing or requested additional time to respond to the FOIA request.

## CLAIM FOR RELIEF

### FIRST CAUSE OF ACTION:
### Failure to Search and Disclose Records

43. Defendant incorporates by reference its responses to all preceding paragraphs as if set forth fully herein.

44. The allegations in this paragraph constitute a legal conclusion to which no response is required.

45–49. These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies that it is in violation of FOIA.

### SECOND CAUSE OF ACTION:
### Failure to Grant or Deny Expedited Processing

50. Defendant incorporates by reference its responses to all preceding paragraphs as if set forth fully herein.

51. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies that it is in violation of FOIA.

The remainder of the Complaint consists of requests for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

**First Defense**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

**Second Defense**

Plaintiff is not entitled to compel the release of records exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).

**Third Defense**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

**Fourth Defense**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

**Fifth Defense**

Defendant is not in violation of FOIA.

**Sixth Defense**

Plaintiff has failed to serve the Department of the Navy properly pursuant to Federal Rule of Civil Procedure 4.

**Seventh Defense**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: September 19, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: *_/s/ Brian J. Levy_*
BRIAN J. LEVY
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6734

*Attorneys for the United States of America*