UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS S. ROWDEN,

Plaintiff,

v.

DEPARTMENT OF THE NAVY,

Defendant.

Civil Action No. 24-2393 (SLS)

**JOINT STATUS REPORT**

Pursuant to the Court's May 27, 2025, Minute Order, Plaintiff Thomas S. Rowden and Defendant Department of the Navy, through undersigned counsel, jointly submit the following status report.

The parties believe approximate 1,300 pages remain in dispute.

At this time, Defendant estimates it can produce the sample *Vaughn* index will be made available by June 26, 2026.

The pressing emergency motions have delayed the agency's ability to provide a sample *Vaughn* index because the agency attorneys in charge of the draft *Vaughn* index have been diverted to time-sensitive emergency motions.

With respect to the parties' respective positions, the parties report as follows:

Plaintiff's Position

Plaintiff does not agree that Defendant's review was adequate. Of the approximately 1,300 pages challenged, the Navy released portions of only four, maintaining the remainder as exempt. Plaintiff continues to object to blanket Exemption (b)(5) withholdings applied to entire documents and large series of pages without identifying the specific sub-privilege invoked

(deliberative process, attorney-client, or work-product) and without segregating non-exempt factual content as required by 5 U.S.C. § 552(b); inconsistent application of Exemption (b)(5), where identical language is redacted on some pages but released on others; withholding of documents that appear to reflect adopted agency positions or final decisions rather than pre-decisional deliberations; withholding of documents under Exemption (b)(1) despite expired declassification dates and crossed-out classification markings; and withholding of entire lengthy email chains under Exemption (b)(1) without demonstrating that no reasonably segregable, non-exempt information exists. Plaintiff also maintains that Defendant's bare assertion that the foreseeable harm standard was applied, without any showing of how it was applied to the specific documents at issue, is insufficient.

Plaintiff welcomes the sample Vaughn index process and has provided a selection of 20 pages for inclusion, but reserves the right to move for summary judgment and seek in camera review if the sample does not demonstrate that the withholdings are justified.

Defendant's Position

To the extent Plaintiff's position above recapitulates the objections made previously, Defendant has reviewed each of the pages and determined that its initial redactions were correct except with respect to the four pages re-released.

After review, Defendant determined that the information that remains redacted or withheld under Exemption 1 remains classified and the information withheld under Exemption 5 was properly withheld as privileged.

Defendant has reviewed the pages at issue multiple times and has conducted a detailed, line-by-line review to satisfy its reasonable segregability obligations, including evaluating all material under the foreseeable harm standard. Plaintiff's belief that there needs to be some

document-specific showing with respect to segregability is not supported by the law. Defendant hopes that the sample *Vaughn* index may convince Plaintiff of the diligence of Defendant's segregability analysis.

* * *

A proposed order is attached.

Dated: June 1, 2026
Washington, DC

Timothy C. Parlatore, Esq.
Bar No. NY0332
212-679-6312

*/s/ Elizabeth M. Candelario*
Elizabeth M. Candelario, Esq.
D.C. Bar No. 986218
202-788-6274

PARLATORE LAW GROUP, LLP
1440 N. Edgewood Street
Arlington, VA 22201

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Brian J. Levy*
BRIAN J. LEVY
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6734

*Attorneys for the United States of America*